```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
 RENIERO FRANCISCO,                      :     16cv1073 (DLC)
                    Petitioner,          :     13cr0217-02 (DLC)
                                         :
              -v-                        :     OPINION AND ORDER
                                         :
 UNITED STATES OF AMERICA,               :
                                         :
                    Respondent.          :
                                         :
-----------------------------------------X
```

APPEARANCES

For the petitioner:
Israel Arana
Arana & Arana
P.O. Box 141611
Coral Gables, FL 33114

For the respondent:
Andrew Ken-Wei Chan
United States Attorney's Office
Southern District of New York
1 St. Andrew's Plaza
New York, NY 10007

DENISE COTE, District Judge:

Reniero Francisco ("Francisco") has filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the following reasons, the petition is denied.

## Background

On March 21, 2013, Francisco was indicted on one count of conspiracy to commit securities fraud, one count of securities fraud, one count of commodities fraud, and three counts of wire fraud. On July 7, Francisco entered a plea of guilty to counts

one (conspiracy to commit securities fraud) and two (securities fraud) of the Indictment pursuant to a plea agreement with the Government.  In the plea agreement, Francisco stipulated that the applicable guidelines level was 30, resulting in a guidelines range of 97 to 121 months' imprisonment.  The plea agreement further provided that, if the Court imposed a sentence at or below that guidelines range, Francisco "will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255."

At his plea allocution, Francisco stated under oath that he had had a sufficient opportunity to consult with his attorneys and was satisfied with the representation his retained counsel had given him.  He identified the plea agreement and admitted understanding that he was giving up his right to challenge or litigate his sentence so long as his sentence did not exceed 121 months' imprisonment.  He explained that for almost two years he had lied to investors by telling them that their money would be invested in low-risk securities when he knew it would not be, he had coached them to fraudulently claim they were sophisticated investors when he knew they were not, and he had participated in producing and distributing fraudulent account statements to investors.

In their sentencing submissions, Francisco's attorneys made an application for a non-guidelines sentence based on a number of factors.  These included the defendant's ruined reputation; disparities in sentences given to others; legal arguments about the flawed guidelines regime; an argument that the loss amount does not accurately measure the seriousness of the offense; and arguments about how the investors' loss was due to the downturn in the world economy.

At the November 15 sentencing, defense counsel raised arguments concerning, inter alia, the relative culpability of Francisco and his co-defendant Abdul Walji ("Walji").  Francisco argued that he was also a victim of Walji.  Before imposing a sentence, the Court stated:

> Mr. Francisco, you were absolutely entitled to assess
> Mr. Walji for yourself and for your family and put
> your funds with him, if you wanted.  But you had no
> right whatsoever to lie to any other person . . . .
> And with your background, you knew that.  So you took
> control of their lives.  You took control of their
> money when you had no right to.  And the suggestion
> now that you should be trusted to not lie in the
> future and to not steal, essentially, steal other
> people's money in the future, is not a proposition I'm
> willing to buy into. . . . [W]hat you did here cannot
> be justified by any of the reasons that you're giving
> me or counsel gave me in the sentencing submissions.

The Court sentenced Francisco to 60 months' imprisonment on count one and 97 months' imprisonment on count two, to run concurrently.  Francisco was also sentenced to a term of supervised release of three years and required to pay

restitution in the amount of $10,294.333.39[1] and a special assessment of $200.

On December 2, Francisco appealed his sentence to the United States Court of Appeals for the Second Circuit.  On March 20, 2015, the Second Circuit dismissed the appeal as barred by the terms of the plea agreement.  <u>United States v. Francisco</u>, No. 13-4595 (2d Cir. Mar. 20, 2015).

On February 2, 2016, Francisco filed the instant § 2255 petition.  In his petition, Francisco primarily argues that his attorneys provided constitutionally ineffective assistance because they should have conducted a more thorough investigation before advising him to execute a plea agreement.  Francisco also argues that his counsel failed to inform him that the plea agreement waived his right to raise an ineffective assistance of counsel claim in a § 2255 petition, that his counsel did not timely inform the Court about three victims who wished to testify in Francisco's favor during sentencing, and that his counsel did not argue that Walji was more culpable than Francisco.  Finally, Francisco argues that his sentence itself was unreasonable.  The petition became fully submitted on May 9.[2]

---

[1] The amount of restitution was subsequently reduced to $9,255,181.11 in an amended judgment of November 26.

[2] Several of the petitioner's arguments were suggested for the first time by Francisco's May 9 reply memorandum.  Because none

4

**Discussion**

In order to prevail on a claim of ineffective assistance of counsel, Francisco must make two showings:

> First, he must demonstrate that his counsel's representation "fell below an objective standard of reasonableness." Second, he must establish that he suffered prejudice —- in this context, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Fulton v. Graham, 802 F.3d 257, 265 (2d Cir. 2015) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).

The plea agreement between Francisco and the Government provided that Francisco waived his right collaterally to attack his sentence in a § 2255 petition so long as the Court imposed a sentence within or below the guidelines range, which it did. A knowing and voluntary waiver of the right to pursue a habeas petition is generally enforceable. Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (enforcing waiver in context of § 2255 petition). A waiver applies to events that occurred both before and after the execution of the plea agreement. Id. A waiver, however, "does not foreclose an attack on the validity of the process by which the waiver has been procured." Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002). This exception is narrow; it

---

of them has merit, it is unnecessary to explore whether they are timely raised.

permits an ineffective assistance claim challenging the advice the defendant received from counsel when that advice rendered the entry of the plea agreement either "not knowing" or involuntary.  Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008).  Accordingly, a waiver bars a challenge to an attorney's role in representing the defendant either before or after a plea unless the challenge relates to the attorney's "advice" to the defendant concerning the defendant's plea decision.  Id. at 139.

Francisco's primary argument is that his attorney should have conducted a forensic accounting of the defendants' company and deposed its accountant, Craig Workinger, to show the amount of money in the firm's accounts at various points in time and to show that there were no misleading statements in many documents sent to investors.  Francisco argues that 85% of the investors' funds were lost by his co-defendant in a 24-hour period, including money Francisco had himself invested with his co-defendant.  He seems to suggest that his "only involvement" in the fraud was not stopping the distribution of the fraudulent September 2011 quarterly statements to investors.

This argument fails to suggest that defense counsel failed to properly advise Francisco in connection with his plea or execution of the plea agreement.  Moreover, Francisco's argument does not suggest that he would have chosen not to plead guilty

6

or enter into the agreement if his attorneys had conducted such investigation and advised him about it.  Francisco was responsible for soliciting investments for his firm, and as he admitted during his plea, he knowingly deceived investors in the course of obtaining their funds and distributed fraudulent account statements.  This was the fraud to which he pleaded guilty, and the petition does not suggest that any further investigation would have produced evidence exculpating Francisco of that fraud.

Francisco's remaining arguments also lack merit.  Francisco's second argument is that his counsel did not explain that, by pleading guilty, Francisco was waiving his right to raise ineffective assistance of counsel claims in a § 2255 petition.  But, as described above, a defendant does not waive the right to bring all such claims when he enters into a plea agreement.  Moreover, Francisco was not prejudiced by any failure to describe the kinds of claims that may survive entry of a plea agreement that contains the waiver at issue here.  Francisco has brought a habeas petition and raised ineffective assistance claims in it.

Francisco's remaining arguments do not concern his attorney's advice in connection with his entry of a plea or his execution of the waiver of rights to collaterally attack his sentence.  Francisco argues that, because defense counsel did

7

not advise the Court at the beginning of the sentencing proceedings that three victims-investors were present and wished to speak at the sentencing, the Court did not permit defense counsel to finish his statement to the Court.  This argument misstates the record and, in any event, had to be raised on direct appeal.  See Yick Man Mui v. United States, 614 F.3d 50, 54 (2d Cir. 2010) ("[C]laims that could have been brought on direct appeal [may not be] raised on collateral review absent cause and prejudice.").  As soon as the Court was advised that some of the defendant's victims wanted to speak on his behalf, each of them was given an opportunity to address the Court. Defense counsel was permitted to finish his remarks after the victim-investors made their statements.

Francisco's next argument is that defense counsel did not argue during the sentencing proceeding that the co-defendant Walji was more culpable than Francisco.  In fact, this issue was raised by defense counsel at sentencing and addressed by the Court.

Francisco's final argument is that his sentence was unreasonable and should have been lower.  This argument is untimely and also barred by the plea agreement.  In any event, Francisco raised substantive challenges to his sentence in his direct appeal, and the Second Circuit dismissed the appeal based on the waiver provision in Francisco's plea agreement.

**Conclusion**

Francisco's petition of February 10, 2016 is denied. The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted. Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court is directed to close the case.

Dated:     New York, New York
           August 9, 2016

_____
                  DENISE COTE
           United States District Judge